■ SAMUEL KAUFMAN, Respondent, v AQUA-TROL CORP., Appellant.— Order, Supreme Court, New York County, entered May 26, 1977, denying defendant's motion for leave to file an amended answer, unanimously reversed, on the facts and in the exercise of discretion, without costs and without disbursements, and the motion granted on condition that the defendant pay $250 to the plaintiff within 20 days of service of a copy of the order entered hereon, with notice of entry. Upon payment of that amount, the proposed amended answer of the defendant annexed to the motion papers will be deemed served upon the plaintiff. If the above condition is not satisfied, the order is unanimously affirmed, with $40 costs and disbursements payable to respondent. The principals of Aqua-Trol Corp. and Arlen Industries, Inc., were considering a merger of their two corporations. Plaintiff, an attorney, performed legal services to that end. He instituted this suit against Aqua-Trol Corp. alone for recovery of its portion of the fee. Issue was joined and an examination of plaintiff by defendant was had on December 9, 1975. In the course of the examination, questions were asked about the relationship of plaintiff to the principal of Arlen Industries which

plaintiff could not answer. He promised to check his records, respond to the questions, and supply certain supporting documents. These materials were finally sent to Aqua-Trol Corp. on July 23, 1976 after defendant had made a motion to preclude the plaintiff from supporting his claim for failure to supply the material promised. It was on the basis of this new material received by the defendant that it moved, by notice of motion returnable February 18, 1977, to amend its answer to include counterclaims alleging plaintiff's conflict of interest and negligent representation of the defendant. Special Term denied the motion to amend on the basis of the inordinate delay of Aqua-Trol Corp. in seeking that relief. We would reverse. CPLR 3025 (subd [b]) provides that leave to amend pleadings should be freely granted. In the case at bar, however, though plaintiff delayed in supplying the information, defendant also delayed six months (from July, 1976 to Feb., 1977) before moving to amend its pleadings, and we have accordingly imposed the condition as indicated. Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.